**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Nathan J. Lichvarcik
Assistant U.S. Attorney
nathan.j.lichvarcik@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 31, 2020

Richard L. Fredericks
750 Lawrence St.
Eugene, OR 97401

     Re:    *United States v. Jonathan Tyler Allen*
            Case No. 6:19-MJ-143-MK
            Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, except as noted in paragraph 9. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to Count one of the information, which charges him with conspiring to willfully use a telephone to make a threat to destroy a building by means of an explosive, in violation of 18 U.S.C. §§ 844(e) and (n).

3. **Penalties**: The maximum punishment for Count one is a sentence of ten years' imprisonment, a fine of up to $250,000, a supervised release term of three years, and a special fee assessment of $100. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count one of the information, he agrees and admits the government can prove the following elements beyond a reasonable doubt:

(1) Defendant knowingly agreed and conspired with another person to, through the use of mail, telephone, telegraph, or other instrument of interstate or foreign commerce;

(2) Willfully make a threat to unlawfully damage or destroy any building, vehicle, or other real or personal property;

(3) By means of a fire or an explosive.

Defendant admits that the government can prove the elements of the crime and the following facts beyond a reasonable doubt at trial:

On or about July 28 to July 29, 2019, in the District of Oregon, Defendant and co-conspirator Kellie Cameron ("Cameron") agreed and conspired to shut down the Deschutes County Courthouse by leaving a fake bomb at the courthouse and calling in a threat to blow up the courthouse. In furtherance of the conspiracy, on or about July 28, 2019 Cameron constructed a fake explosive device using, among other things, batteries, wiring, a circuit board, and a fuel filter.

On or about July 29, 2019, Defendant and Cameron drove to the Deschutes County Courthouse in Bend, Oregon. Defendant placed the hoax explosive device on the ramp outside of the courthouse. Defendant and Cameron then met at a location away from the courthouse.

At approximately 7:18 a.m. on July 29, 2019, Cameron, who was with Defendant, used a mobile phone to call 911 and told the operator, "I just want to let you know that there are two bombs, one's in the courthouse and good luck finding the other one." Less than an hour later, while Defendant was present, Cameron again called 911 from a mobile phone and reiterated that there were two bombs planted at the courthouse. Defendant threw one of the mobile phones used to make one of the threat calls into a canal to avoid being caught.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that, prior to adjustments, the Base Offense Level for Defendant's relevant conduct is 12, pursuant to United States Sentencing Guidelines (USSG) § 2A6.1(a)(1). The parties further agree that a four-level upward adjustment under USSG § 2A6.1(b)(4)(A) shall apply because the offense resulted in the substantial disruption of public, governmental and business services.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level, or two levels if defendant's total offense level is less than sixteen. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: Based on the negotiations between the parties and taking into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will jointly recommend an 18-month prison sentence, even if 18 months is above or below the applicable advisory guideline range as ultimately determined by the Court.

Deschutes County Deputy District Attorney Marc Miller has informed the USAO that if Defendant accepts this plea offer, pleads guilty to its terms, is sentenced federally to at least 18 months in prison, and Defendant pleads guilty to the charges in his pending criminal cases in Deschutes County, the Deschutes County District Attorney's Office will agree to recommend a sentence in the state cases that will run concurrent to the federal sentence.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as authorized in writing. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below the jointly recommended 18 months in prison.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court, unless such discretion is necessary to achieve the agreed-upon 18-

month prison sentence. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, Defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, Defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), Defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution,

Richard L. Fredericks
Re: Jonathan T. Allen
Page 6
March 30, 2020

including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by May 22, 2020, at 5:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney


s/ *Nathan J. Lichvarcik*
NATHAN J. LICHVARCIK
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/20/2020
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6-4-20
Date

Attorney for Defendant